IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN LEE CAMPBELL, | No. C 12-6089 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING MOTION FOR APPOINTMENT OF COUNSEL AND APPOINTING COUNSEL** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | **(Docket No. 2)** |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. Respondent is ordered to show cause why the petition should not be granted based on petitioner's cognizable claims, and petitioner's motion for appointment of counsel.

## STATEMENT

In 2009, petitioner was convicted in Santa Clara County Superior Court after a jury found him guilty of second-degree murder of a peace officer, and enhancements for the possession and use of a firearm were found true. He was sentenced to consecutive terms of life without parole, twenty-five years to life, and forty months in state prison. On direct review, the California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. The California Court of Appeal and the California Supreme Court also denied petitions for a writ of habeas corpus.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

Petitioner claims that: (1) the trial cour violated his right to present a defense; (2) the trial court violated his rights to confrontation and due process by admitting hearsay evidence; (3) the trial court violated his right to due process by admitting evidence of his bad character; (4) prosecutorial misconduct violated his right to due process; (5) he was denied effective assistance of counsel because his attorney did not object to prosecutorial misconduct; (6) the prosecutor violated his right to due process by failing to correct a witness's false testimony; (7) he was denied effective assistance of counsel when counsel failed to correct a witness's false testimony; (8) he was denied effective assistance of counsel when counsel failed to object to evidence of a third-party conspiracy; and (9) the cumulative prejudice of the foregoing errors violated his right to due process.  When liberally construed, these claims are cognizable, and an order to show cause will issue.

**C.  APPOINTMENT OF COUNSEL**

Petitioner has applied for appointment of counsel. The Sixth Amendment's right to

1 counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728
2 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint
3 counsel to represent a habeas petitioner whenever "the court determines that the interests of
4 justice so require" and such person is financially unable to obtain representation. Here,
5 petitioner has shown that he is mentally retarded and that his claims present substantial and
6 complex legal issues. Petitioner would clearly be unable to pursue his claims on his own given
7 his mental retardation. Petitioner has also established that he is financially unable to pay for
8 representation. Under these circumstances, the interests of justice warrant appointment of
9 counsel in this case. The attorney who represented him in his direct and collateral appeals in
10 state court, Gary K. Dubcoff, Esq., has filed a declaration explaining that he is willing and able
11 to represent petitioner in this proceeding. Accordingly, Mr. Dubcoff will be appointed to
12 represent petitioner in this case.

## CONCLUSION

14 In light of the foregoing,

15 1. The clerk shall mail a copy of this order and the petition with all attachments to the
16 respondent and the respondent's attorney, the Attorney General of the State of California. The
17 clerk shall also serve a copy of this order on the petitioner.

18 2. Respondent shall file with the court and serve on petitioner, within **84 days** of the
19 issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
20 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on
21 the claims found cognizable herein. Respondent shall file with the answer and serve on
22 petitioner a copy of all portions of the state trial record that have been transcribed previously
23 and that are relevant to a determination of the issues presented by the petition.

24 If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
25 court and serving it on respondent within **28 days** of the date the answer is filed.

26 3. Respondent may file, within **84 days**, a motion to dismiss on procedural grounds in
27 lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
28 Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the

3

1 court and serve on respondent an opposition or statement of non-opposition within **28 days** of
2 the date the motion is filed, and respondent shall file with the court and serve on petitioner a
3 reply within **14 days** of the date any opposition is filed.

4     4. The motion for appointment of counsel (dkt. 2) is **GRANTED**. Gary K. Dubcoff, Esq.,
5 is appointed pursuant to 18 U.S.C. § 3006A. *See United States v. Salemo*, 81 F.3d 1453, 1459
6 & n.4 (9th Cir. 1996). Counsel may seek payment under 18 U.S.C. § 3006A(d) and (e) via the
7 Federal Public Defender's Office. Appointment is *nunc pro tunc* to the date the petition was
8 filed.

9     The Clerk shall send a copy of this order to the Federal Public Defender's Office.
10 **IT IS SO ORDERED.**

11 Dated: December   21  , 2012.
12                       WILLIAM ALSUP
                      UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\CAMPBELL6089.OSC.wpd

4