UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DESHAWN LEE CAMPBELL,<br><br>      Plaintiff,<br><br>      v.<br><br>RANDY GROUNDS,<br><br>      Defendant. | Case No. 12-cv-06089-BLF<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**<br><br>[RE: ECF 26, 27] |

      Petitioner Deshawn Lee Campbell ("Campbell"), a state prisoner represented by counsel, seeks leave to conduct discovery in this habeas proceeding. The Court has considered the briefing and the oral argument presented at the hearing on June 4, 2015. For the reasons set forth below, the motion is GRANTED.

**I.    BACKGROUND**

      In 2009, a jury convicted Campbell of the first degree murder of San Jose Police Officer Jeff Fontana. The trial court sentenced Campbell to a prison term of life without possibility of parole. Following unsuccessful efforts to obtain relief in the state courts via direct appeal and collateral review, Campbell filed a *pro se* habeas petition in federal district court on November 30, 2012. Campbell's motion for appointment of counsel was granted shortly thereafter. Briefing was completed on the federal habeas petition in December 2013 and the case was reassigned to the

1   undersigned judge in April 2014.  On September 2014, this Court issued an order denying
2   Campbell's requests for an evidentiary hearing and oral argument, and the matter was submitted
3   for decision.
4         In February 2015, the Santa Clara County District Attorney's Office ("DA's Office")
5   disclosed to Campbell's counsel an investigative report dated November 17, 2014.  Report, ECF
6   26-1.  The report describes information that ▓▓▓▓▓▓▓▓▓▓ provided to a DA
7   investigator and a San Jose Police Department homicide detective in a July 2014 tape recorded
8   interview.  *Id.*  In that interview, ▓▓▓▓▓▓▓▓▓▓
9   ▓▓▓▓▓▓▓▓▓▓
10  ▓▓▓▓▓▓▓▓▓▓) *Id.* at 1.  The report indicated that ▓▓▓▓▓▓
11  ▓▓▓▓▓▓▓▓▓▓) *Id.* at 2.
12        After receiving the investigative report, Campbell's counsel orally requested a copy of the
13  July 2014 tape recording and followed up with letter requests.  Dubcoff Decl. ¶ 3, ECF 26.  In
14  those letters, counsel explained that the defense theory at trial was that McNary, not Campbell,
15  had killed Officer Fontana.  Letters, ECF 26-2, 26-3.  Defense counsel characterized the trial as a
16  single-issue case in which the jury was asked to decide whether Campbell or McNary committed
17  the murder.  Letter, ECF 26-2.  The jury deliberated for eight days before convicting Campbell.
18  *Id.*  Thus counsel believes that ▓▓▓▓▓▓▓▓▓▓
19  ▓▓▓▓▓▓) is particularly important and might provide a basis for habeas relief.
20        The DA's Office took the position that ▓▓▓▓▓▓▓▓▓▓, was
21  not credible.  The DA's Office nonetheless stated that it would provide Campbell's counsel with a
22  copy of the tape recorded interview and the CI's identity.  However, the DA's Office and
23  Campbell's counsel were not able to reach agreement as to the particulars of that disclosure.
24        On April 16, 2015, Campbell filed the present motion for discovery, requesting that the
25  Court authorize the issuance of a subpoena upon the DA's Office for the production of:
26      1.    Copies of all tape recordings in its possession, custody, or control of
27  ▓▓▓▓▓▓▓▓▓▓
28  ▓▓▓▓▓▓▓▓▓▓,

United States District Court
Northern District of California

    2.    Copies of all investigative reports in its possession, custody, or control generated as a result of investigation ███████████████████

    3.    The identities and locating information, if known, of all persons whom the Santa Clara County District Attorney's Office or assisting law-enforcement personnel have identified ███████████████████, and

    4.    With respect to those individuals identified in response to paragraph no. 3, *supra*, who ███████████████████

Pet.'s Mot. for Discovery at 1, ECF 26.[1]

Respondent Randy Grounds, Warden, filed a partial opposition on May 15, 2015, asserting that Campbell is not entitled to any discovery whatsoever in this case but that the DA's Office nonetheless would agree to provide Campbell's counsel with ███████ and an audio-enhanced recording of the interview solely to dispel any concern that exculpatory evidence is being withheld from Campbell. Respondent indicated, however, that a protective order was a prerequisite to disclosure and that it would submit a proposed protective order to Campbell's counsel within ten days. Respondent's Opp. at 6, ECF 30. On May 17, 2015, Campbell submitted a reply brief responding to Respondent's legal arguments, asserting that the parties had not agreed on a protective order, and that Respondent's proposed disclosures were insufficient. Pet.'s Reply at 6, ECF 31.

## II. DISCUSSION

"Parties in habeas cases, unlike those in ordinary civil cases, have no right to discovery." *Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." Rule

---

[1] On the same date, Campbell also filed a motion to shorten time for hearing on his motion for discovery. *See* Pet.'s Mot. to Shorten Time, ECF 27. The Court thereafter understood that the parties would resolve the discovery dispute informally and that a hearing would not be necessary. However, in early May 2015, Campbell's counsel informed Court staff that the dispute had not been resolved and that Campbell would like to proceed with the hearing on June 4, 2015. On May 14, 2015, the Clerk reset the discovery motion for hearing on June 4, 2015. *See* Clerk's Notice (paperless docket entry), ECF 29. Accordingly, Campbell's motion to shorten time to hear the discovery motion is TERMINATED as moot.

6(a), 28 U.S.C. foll. § 2254. Good cause exists to permit discovery with respect to new claims "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (internal quotation marks and citation omitted) (alteration in original).

In the present case, Campbell acknowledges that the proposed discovery is not relevant to a claim currently asserted in his habeas petition, but he contends that the discovery might give rise to a new claim for relief. There is not a great deal of case law addressing this precise situation. However, another judge in this district has had occasion to address a petitioner's discovery requests in similar circumstances. In *Tennison v. Henry*, 203 F.R.D. 435, 439 (N.D. Cal. 2001), the petitioner, who had been convicted of first degree murder, sought to depose law enforcement officers regarding another individual's confession to the murder and a witness's interview statements that the petitioner was not present at the time of the murder; sought to depose the individual who confessed the murder and two witnesses to the murder; and sought production of documents. The requested discovery related to both pending exhausted claims asserted by the petitioner and unexhausted claims that he wished to pursue in state court. Noting that "Rule 6(a) gives the District Court wide discretion in determining whether there is good cause to permit discovery in a habeas proceeding," the court held that its discretion extended to granting discovery with respect to unexhausted claims. *Id.* The court also concluded that a showing of good cause for discovery with respect to unexhausted claims may be strengthened by a showing that there is a need to preserve testimony that otherwise might be lost. *Id.* at 440.

Here, Campbell has presented specific allegations showing reason to believe that the facts, if fully developed, could entitle him to relief. Campbell's defense that McNary killed Officer Fontana was substantial enough that a jury deliberated for eight days before reaching a verdict. ▓▓▓▓▓▓▓▓▓▓ corroborate that third-party defense. There is some urgency to pursuing the requested discovery, as the Government has indicated that ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ Moreover, the parties' submissions make clear that a number of the individuals involved in this case are or were members of gangs, and the DA's Office has

4

expressed concern regarding the ▬▬▬ Finally, with respect to any other individuals who ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ the passage of time may make them more difficult to locate. The Court is satisfied that Campbell has shown good cause to pursue the requested discovery.

With respect to Respondent's argument that ▬▬▬▬▬ are not credible, the Court concludes that Campbell should be granted the opportunity to assess ▬▬▬ credibility for himself rather than relying on Respondent's assessment. Respondent has not cited any law to the contrary. Respondent argues that any new evidence obtained through the requested discovery would not be admissible in this proceeding under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Admissibilty of the evidence is a question for another day. It is sufficient for purposes of the present motion that Campbell has shown that the discovery might give rise to a viable new claim for relief. *See Tennison*, 203 F.R.D. at 439-40.

Based upon the foregoing, the Court will grant Campbell's motion and authorize issuance of the requested subpoena. At the hearing, the parties informed the Court that they had reached agreement with respect to a protective order. The Court reviewed the protective order and signed it with minor alterations that were not objected to by counsel. The parties also informed the Court that they had reached agreement regarding production of ▬▬▬▬ and enhanced and unenhanced copies of the tape recorded interview. Campbell's counsel stated that he would submit a revised subpoena to the Court by today's date, June 5, 2015. However, counsel thereafter informed Court staff that he believed that issuance of the original subpoena would be appropriate because the materials as to which production was agreed did not dispose of any category of information requested by the original subpoena. The original subpoena is attached to Campbell's motion for discovery as Exhibit 6 and is docketed at ECF 26-6. Accordingly, the Court will direct the Clerk to issue that subpoena.

This ruling is without prejudice to the rights of the DA's Office to move to quash the subpoena or to respond to the subpoena in any other manner permitted by law.

//

//

### III. ORDER

(1) Petitioner's Motion for Leave to Conduct Discovery is GRANTED;

(2) Petitioner may issue and serve upon the Santa Clara District Attorney's Office, returnable June 19, 2015, the subpoena submitted as Exhibit 6 to Petitioner's motion and docketed at ECF 26-6; and

(3) This order is without prejudice to the rights of the DA's Office to move to quash the subpoena or to respond to the subpoena in any other manner permitted by law.

Dated: June 5, 2015

_____
BETH LABSON FREEMAN
United States District Judge