REDACTED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DESHAWN LEE CAMPBELL,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RANDY GROUNDS, WARDEN,<br><br>　　　　Respondent. | Case No. 5:12-cv-06089-BLF<br><br>**ORDER GRANTING-IN-PART RESPONDENT'S MOTION TO QUASH**<br><br>**(Re: Docket No. 35)** |

　　　　Previously in this habeas proceeding, this court authorized Petitioner Deshawn Lee Campbell, a state prisoner, to issue a subpoena upon the Santa Clara District Attorney's Office for potentially exculpatory evidence.[1] The DA's Office moved to quash the subpoena, and the court held a hearing on the motion on August 18, 2015. For the reasons set forth below, the motion is GRANTED-IN-PART.

　　　　In 2009, a jury convicted Campbell of the first degree murder of San Jose Police Officer Jeff Fontana. Campbell is currently serving a sentence of life without the possibility of parole. In 2012, after failing to obtain relief in state courts via direct and collateral appeal, Campbell filed a habeas petition in federal court. In February 2015, the DA's Office disclosed to Campbell's counsel an investigative report containing potentially exculpatory evidence. ███████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

---

[1] *See* Docket No. 32.

1

Case No. 5:12-cv-06089-BLF
ORDER GRANTING-IN-PART RESPONDENT'S MOTION TO QUASH

1   ███████████████████████████████████████████████████, Campbell's

2   counsel believed that this evidence could be critical to habeas relief.

3         Campbell filed a motion seeking further discovery in the form of the subpoena at issue here.

4   This court granted that request, but explicitly reserved to the DA's Office the right to move to

5   quash the subpoena.[2]  The DA's Office has now done exactly that.

6         Campbell's subpoena seeks the following four items:



1. ███████████████████████████████████████████
2. ███████████████████████████████████████████
3. ███████████████████████████████████████████
4. ███████████████████████████████████████████

With respect to paragraph 1 of the subpoena, the parties agreed at the hearing that the DA's Office had complied to the satisfaction of Campbell's counsel.  Therefore, the motion to quash paragraph 1 of the subpoena is DENIED as moot.

With respect to paragraph 2 of the subpoena, the DA's Office has produced ███ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

---

[2] *See id.* at 5.

[3] Docket No. 26-6 at Attachment A.

[4] *See* Docket No. 38-1 at 2.

[5] *See* Docket No. 35-1 at 12-14.

1
2
3

4 All the evidence Campbell seeks to uncover relates to unexhausted claims that Campbell
5 must pursue in state court.  The court permitted discovery in this habeas proceeding because it
6 feared that delaying discovery would lead to the loss of evidence—
7 Those reasons do not
8 apply to evidence within the control of the DA's Office.  No exigency justifies further discovery in
9 federal court.  Therefore, the motion to quash paragraph 2 of the subpoena is GRANTED.

10 With respect to paragraph 3 of the subpoena, again the parties agree that the DA's Office
11 already has provided nearly all relevant information.  There are only two exceptions.  The first is
12
13
14 The DA's Office
15 has already agreed to provide both of the above if the court orders this information to be excluded
16 from public filings.[9]  The court does so now.  The motion to quash paragraph 3 of the subpoena
17 thus is GRANTED-IN-PART.
18 With respect to paragraph 4 of the subpoena, the DA's Office argues that it has no
19 information regarding the
20 .  To the extent that other law
21 enforcement agencies have such information, the DA's Office argues that it has no possession,
22 custody or control over it.  Again, Campbell has not established an immediate need to obtain this

---

[6] *See* Docket No. 35-1 at 3-4.

[7] *See* Docket No. 32 at 4-5.

[8] *See* Docket No. 35-1 at 7; Docket No. 38-1 at 2.

[9] *See* Docket No. 38-1 at 2.

3
Case No. 5:12-cv-06089-BLF
ORDER GRANTING-IN-PART RESPONDENT'S MOTION TO QUASH

information in the current federal court proceeding. Therefore, the motion to quash paragraph 4 of the subpoena is GRANTED.

**SO ORDERED.**

Dated: September 9, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge