UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DESHAWN LEE CAMPBELL,<br><br>   Petitioner,<br><br>v.<br><br>RANDY GROUNDS, WARDEN,<br><br>   Respondent. | Case No. 5:12-cv-06089-BLF<br><br>**ORDER GRANTING-IN-PART PETITIONER'S MOTION TO CONDUCT DISCOVERY**<br><br>**(Re: Docket No. 40-4)** |

In this federal habeas proceeding, Petitioner Deshawn Lee Campbell, a state prisoner, has already obtained certain potentially exculpatory evidence from the Santa Clara County District Attorney's Office pursuant to an order by Judge Freeman permitting limited discovery.[1] Campbell now moves to conduct additional discovery by way of two subpoenas to third parties.[2] The DA's Office opposes. For the reasons set forth below, the motion is GRANTED-IN-PART.

In 2009, a jury convicted Campbell of murdering San Jose Police Officer Jeff Fontana. Campbell is currently serving a sentence in state prison of life without the possibility of parole. In 2012, after failing to obtain relief in state courts via direct and collateral appeal, Campbell filed a habeas petition in federal court. In February 2015, the DA's Office disclosed to Campbell's counsel an investigative report containing potentially exculpatory evidence. Specifically, the

---

[1] *See* Docket No. 32.

[2] *See* Docket No. 40-4. This motion was referred by Judge Freeman to the undersigned pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636. *See* Docket No. 64.

1

Case No. 5:12-cv-06089-BLF
ORDER GRANTING-IN-PART PETITIONER'S MOTION TO CONDUCT DISCOVERY

1   report described ████████████████████████████████████████████████

2   ████████████████████████████████████████████████████████████████

3   ██████████████████████████████████████████████████████, Campbell's

4   counsel believed that this evidence could be critical to habeas relief. Campbell therefore sought

5   permission from this court to issue a subpoena on the DA's Office for a variety of information

6   related to ██████████████████.

7       Judge Freeman found good cause to grant Campbell's motion while preserving the DA's

8   Office's right to move to quash,[3] and Campbell served his subpoena. In response, Campbell's

9   counsel obtained more details about ████████████████████████████████████████

10  ██████████████████████████████████████████.[4] Campbell now seeks

11  permission to issue another subpoena for documents related to ████████████████████

12  and the identities of these other witnesses.

13      This motion again presents the court with the question of whether good cause justifies

14  discovery. As Judge Freeman explained, for good cause a federal court can authorize discovery in

15  a habeas proceeding.[5] The petitioner must "present[] specific allegations showing reason to

16  believe that the facts, if fully developed, could entitle him to relief."[6] The district court's

17  "discretion extend[s] to granting discovery with respect to unexhausted claims," meaning claims

18  that the petitioner has yet to exhaust in state postconviction proceedings.[7] But this discretion is not

19  unlimited.[8] The Supreme Court has said that "[t]he state court is the appropriate forum for

---

[3] *See* Docket No. 32.

[4] The DA's Office did move to quash other demands in the subpoena. The undersigned granted that motion in part; Campbell has sought relief from that order pursuant to Fed. R. Civ. P. 72. *See* Docket No. 67-4.

[5] *See id.* at 3-4 (citing 28 U.S.C. § 2254 Rule 6(a)).

[6] *Id.* at 4.

[7] *Id.* (citing *Tennison v. Henry*, 203 F.R.D. 435, 439 (N.D. Cal. 2001)).

[8] *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (reviewing for abuse of discretion a district court's decision on good cause).

resolution of factual issues in the first instance, and creating incentives for the deferral of factfinding to later federal-court proceedings can only degrade the accuracy and efficiency of judicial proceedings."[9] In light of this underlying principle, before allowing discovery related to unexhausted claims, federal courts have required a strong showing of good cause—in the form of a tight nexus between the requested discovery and the claim, the risk of loss of evidence or, preferably, both.[10]

When Judge Freeman first permitted discovery in this case, she found that Campbell had established good cause because ▇▇▇ statements could corroborate a viable defense justifying relief, even though they related to unexhausted claims.[11] She also noted that "there [was] some urgency to pursuing the requested discovery" because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[12] However, as noted above, Judge Freeman expressly reserved to the DA's Office the right to move to quash the subpoena.[13] The DA's Office did so, and the court granted that motion in large part.[14] By that time, the DA's Office had already produced ▇▇▇▇▇▇,

---

[9] *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992), *superseded by statute*, Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(e)(2), *as recognized in Williams v. Taylor*, 529 U.S. 420, 433-34 (2000); *see also Williams*, 429 U.S. at 436-437 ("Principles of exhaustion are premised upon recognition by Congress and the Court that state judiciaries have the duty and competence to vindicate rights secured by the Constitution in state criminal proceedings.").

[10] *See, e.g.*, *Saucedo v. Brazelton*, Case No. 13-cv-01696, 2015 WL 4481795, at *2-3 (N.D. Cal. July 22, 2015) (finding no good cause and denying any discovery related to unexhausted claims); *Phelps v. Alameida*, Case No. 98-cv-02002, 2011 WL 175569, at *3 (N.D. Cal. Jan. 19, 2011) (denying petitioner leave to conduct discovery relevant to unexhausted claims because "petitioner's first effort to obtain discovery should be in state court"); *Beets v. McDaniel*, Case No. 04-cv-00085, 2007 WL 602229, at *3-8 (D. Nev. Feb. 20, 2007) (permitting some of the petitioner's requested discovery relating to unexhausted claims in a death penalty case); *Sherman v. McDaniel*, 333 F. Supp. 2d 960, 968-70 (D. Nev. 2004) (denying a habeas petitioner's request for discovery for lack of good cause because he had not yet exhausted his claims in state court); *Tennison*, 203 F.R.D. at 440-44 (permitting limited discovery under Fed. R. Civ. P. 27(a) related to unexhausted claims).

[11] *See* Docket No. 32 at 4 (citing *Tennison*, 203 F.R.D. at 439).

[12] *Id.* at 4-5.

[13] *See id.* at 5.

[14] *See* Docket No. 65.

████████████████████████████████████████ The court found that these developments significantly reduced the urgency of Campbell's request, to the extent that the good cause Judge Freeman had found—which rested in part on that urgency—no longer existed.[15]

With these standards in mind, the court finds that Campbell has shown good cause with respect only to some of the additional discovery he seeks. Broadly speaking, Campbell wishes to issue subpoenas for two types of documents: (1) recordings, handwritten notes and investigative reports from any previous occasions ████████████████████████ ████████████████████████████████████████;[16] and (2) ████████████████████████████████████████ ████████.[17] No good cause justifies discovery with respect to the first category of documents. Campbell's counsel ████████████████████████████████████ ████████████ Campbell seeks this portion of the subpoena only to bolster the reliability of the evidence he has already gathered. Reliability is "a step removed" from the primary evidence ██ ████████████[18] Further, there is little risk of loss of evidence. These documents will not go stale if Campbell has to wait until his state habeas proceeding to obtain them.

However, Campbell has shown good cause for the second part of the discovery he seeks. Testimony from ████████████████████████████ may be critical to Campbell's claim for habeas relief, and Campbell cannot develop this evidence without ████████████ ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████. In addition, there is considerably more urgency for this request. Witnesses' memories fade, and the passage of time

---

[15] *See id.* at 3-4.

[16] *See* Docket No. 40-4, Subpoena to CDCR, Attachment A, at ¶¶ 1-3; *id.*, Subpoena to Seaside PD, Attachment A, at ¶¶ 1-3.

[17] *See id.*, Subpoena to CDCR, Attachment A, at ¶ 4.

[18] *Beets*, 2007 WL 602229, at *7.

Case No. 5:12-cv-06089-BLF
ORDER GRANTING-IN-PART PETITIONER'S MOTION TO CONDUCT DISCOVERY

1 may also make them harder to locate.[19]  Campbell therefore may serve the portions of the
2 subpoenas related to identifying these witnesses.
3 **SO ORDERED.**
4 Dated: September 24, 2015

                                                                         PAUL S. GREWAL
                                                                        United States Magistrate Judge

---

[19] *See Tennison*, 203 F.R.D. at 441-44.

5
Case No. 5:12-cv-06089-BLF
ORDER GRANTING-IN-PART PETITIONER'S MOTION TO CONDUCT DISCOVERY