UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DESHAWN LEE CAMPBELL,<br>Plaintiff,<br>v.<br>RANDY GROUNDS,<br>Defendant. | Case No. 12-cv-06089-BLF<br><br>**ORDER GRANTING SEALING MOTIONS**<br>[Re: ECF Nos. 204, 206, 207] |

The parties recently submitted briefing on (1) Petitioner's claim No. 10 for habeas relief and (2) supplemental authorities since 2012. *See* ECF Nos. 203-209. On July 22, 2022, Petitioner filed a motion to file under seal portions of his (1) Memorandum of Points and Authorities in Support of Claim No. 10 and (2) Exhibits in Support of Claim No. 10. ECF No. 204. On August 26, 2022, Respondent filed a motion to file under seal portions of his Memorandum of Points and Authorities in Opposition to Claim No. 10. ECF No. 206. And on September 9, 2022, Petitioner filed a motion to file under seal portions of his (1) Reply brief re: Claim No. 10 and (2) Reply brief re: Supplemental Authorities. ECF No. 207. On October 6, 2022, the Court issued an Order requiring the parties to submit charts for their sealing motions pursuant to the Court's Standing Orders. ECF No. 210. Respondent filed his chart on October 21, 2022, ECF No. 213, and Petitioner filed his chart on October 23, 2022, ECF No. 214.

The Court has considered the motions and supporting declarations. For the following reasons, the motions to seal are GRANTED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–102 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

## II.    DISCUSSION

Petitioner and Respondent seek to seal portions of their briefing on claim No. 10 and supplemental authorities, and these documents are more than tangentially related to the case. The parties therefore must show compelling reasons for the requested sealing.

The parties seek to seal information about the identity of a witness who provided post-trial testimony to protect the safety of that individual. *See* ECF Nos. 204-1 ¶ 2, 206-1 ¶ 2, 207-1 ¶ 2; 213, 214. The Court finds that the parties have met the compelling reasons standard for sealing the identified information. *See Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2021 WL 5002593, at *5 (D. Ariz. Oct. 27, 2021) (finding compelling reasons standard met for "information that, if made public, would reveal the identities of the parties or witnesses who are likely to suffer severe harm if their identities are made public"); *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2019 WL 3430557, at *18 (N.D. Cal. July 30, 2019) (sealing information regarding "identities of witnesses"). And the proposed redactions are narrowly tailored to seal only sealable material. The Court rules as follows on the documents the parties seek to have

sealed:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 204-3 | Petitioner's Memorandum of Points and Authorities in Support of Claim No. 10 | Redactions at: 2:8-11, 13-18; 5:4- 6, 9-11, 14-16; 7:11, 22, 24, 28; 8:1-28; 9:1-21, 25-28; 10:1-4, 6, 8-21, 23- 27; 11:1-7, 9-10, 14-15, 19-22, 24-28; 12:1-27; 13:1-28; 14:1-27; 15:1-5, 7- 13, 16-17, 19-28; 16:1-28; 17:1-28; 18:1-28; 19:1-28; 20: 1-20, 23-26; 21: 1-12, 16, 18-24; 22:1, 3-24, 27; 23: 4-5, 11, 20-25, 27; 24:1, 4-9, 13-15, 18-20, 22-27; 25:1-28; 26:1-14, 19, 21, 25-28; 27:1-24, 27-28; 28:4-12, 14-15, 17, 19-21, 24-28; 29:1-6, 9; 30:20; 31: 2, 4-28; 32:1-20, 22-28; 33:1-5, 7, 9, 14-25, 27-28; 34:1, 3-27; 35:1-4, 6, 9-14, 19, 21-27; 36:1-8. | GRANTED, as containing information that could put at risk the safety of one or more individuals if made public. |
| 204-4 | Petitioner's Exhibits in Support of Claim No. 10 (Part 1) | All of Exhibits 1-5, and those redactions at: 2:6-7; 6:7-9, 11, 13-15; 11:6-7, 9, 14- 21; 19:3, 5, 7-25; 20:1, 3, 5, 9-27; 21: 1-26; 22:6-17, 23-28; 23:1-2, 4, 7, 11- 12, 15, 17-21, 23-27; 24:1, 3-4, 6; 26: 9; 74:15-16, 18-19, 22, 24-25; 75:1-2, 4-5, 10-11, 13, 16-28; 76:1-9, 11, 14, 16-18, 20-23, 27-28; 77:1, 3-4, 8, 16, 18-21, 23-28; 78:1-11, 14, 18-19, 21- 23, 25-28; 79:1, 3, 4-6, 10, 12, 18, 21- 28; 80:1, 3, 4, 11, 13-16, 18, 21-23; 81:9-10, 12-17, 22, 24-28; 82:1-11; 83:13-15; 86:1-2, 5-6, 8, 12-22, 25; 87:1, 5-6, 12, 19-28; 88:11-12, 14-20, | GRANTED, as containing information that could put at risk the safety of one or more individuals if made public. |

3

| | | | |
|---|---|---|---|
| | | 23; 911 :28; 92:1, 5-7, 9, 26, 28; 93:1, 3, 5-7, 9, 13, 18, 25-26; 100:16-18, 21, 23-28; 101:2-12, 14, 17, 19, 21; 102: 4-5, 7-11, 18-19, 21, 22-27; 103:23-24; 110: 16-18, 23-25. | |
| 204-4 | Petitioner's Exhibits in Support of Claim No. 10 (Part 2) | Redactions at: 1:1-2, 4-24; 4:8, 15-16, 18-28; 5:1-28; 6:1-14; 9:2-3; 60:18, 20-28; 61:1-28; 62:1-28; 63:1- 28; 64:1-28; 65:1-28; 66:1-28; 67:1- 28; 68:1-28; 69:1-17, 19-28; 70-1-18; 71:1-28; 72:1-28; 73:1-28; 74:1-28; 75:1-28; 76:1-28; 77:1-20, 22-26; 78:1-28; 79:1-14, 18, 25; 80:3-4, 15- 21, 23, 25, 27; 81:2-3, 6-11, 15-19, 22-25, 27; 82:1-17, 19-20, 22-23, 27-28; 83:1-28; 84:1-7, 13, 16, 22-28; 85:1- 3, 5-9, 12-25, 27; 90:14-20, 22-25; 91: 7; 94:1, 3-6, 10, 12, 16-21, 26-28; 95: 1, 6-18, 24-28; 96:1-20; 24-28; 97:1-2, 5-6, 8, 16, 20-27, 29; 98:9, 11-18, 22, 24; 99:15-16, 18-24; 100:1-24, 29-30, 32; 101:1-14; 103:10-18; 104:3-4; 105:6, 13; 106:10, 13-25; 107:1-26, 28; 108:1-28; 109:1-28; 110:2, 4-5, 11-28, 30-31; 111:8, 10-11, 14-28; 112:1-17, 20, 24-27; 113:1-7, 9, 14, 17-28; 114:1-7, 10-17; 115:21-24, 28; 116:1-3. | GRANTED, as containing information that could put at risk the safety of one or more individuals if made public. |
| 206-3 | Respondent's Memorandum of Points and Authorities in Opposition to Claim No. 10 | Redactions at: p. i: 7-8; p. 1: 3-9, 15-18, 22-27; p. 2: 27; p. 3: 1-6, 14-19, 27; pp. 4 through 9: all lines; p. 10: 1-8, 14-28; p. 11: all lines; p. 12: 1-7, 10- | GRANTED, as containing information that could put at risk the safety of one or more individuals if made public. |

4

| | | | |
|---|---|---|---|
| | | 28; p. 13: 10- 28; p. 14: 1-17; p. 15: none; p. 16: 25-27; p. 17: 1-2, 25; p. 18: 1-5; p. 19: 14-28; p. 20: 1-15, 19-21; p. 21: 3-28; p. 22: 1-12. | |
| 207-3 | Petitioner's Reply re Claim No. 10 | Redactions at: 4:12, 14-15, 17-18; 5:16-25; 7:4, 8-9; 8:24; 9:1, 28; 10:1- 6, 8-9, 14-18, 21-22, 28; 11:6; 12:1- 16, 18-23, 25, 28; 13:3-5, 8, 17, 20, 23-28; 14:1-2; 16:4, 7-20, 23-28; 17:1-2, 4, 7-16, 18-28; 18:1-4, 9-10, 12, 15, 20-22, 25-28; 19:1-2, 4, 6-7, 10-15, 20, 23-24. | GRANTED, as containing information that could put at risk the safety of one or more individuals if made public. |
| 207-4 | Petitioner's Reply re Supplemental Authorities | Redactions at: 7:9, 18, 25; 8:3- 5, 11, 18-21. | GRANTED, as containing information that could put at risk the safety of one or more individuals if made public. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the sealing motions are GRANTED.

Dated:  October 24, 2022

_____
BETH LABSON FREEMAN
United States District Judge

5